NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH GEORGE CARTER, *Appellant.*

No. 1 CA-CR 19-0417
FILED 10-27-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201701381
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

Joseph George Carter, San Luis
*Appellant*

---

**MEMORANDUM DECISION**

---

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1　　　　This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Defendant Joseph George Carter has advised the court that after searching the entire record, counsel is unable to discover any arguable questions of law and filed a brief requesting this court conduct an *Anders* review of the record. Carter was given the opportunity to file a supplemental brief pro se and did so, alleging a violation of the Interstate Agreement on Detainers ("IAD"). We have reviewed the record and found no reversible error. Accordingly, Carter's convictions and resulting sentence are affirmed.

**FACTS AND PROCEDURAL HISTORY[1]**

¶2　　　　Carter was charged by indictment after the execution of a search warrant uncovered drugs, weapons, and drug paraphernalia in his residence. Carter was charged with seven counts: (1) possession of dangerous drugs for sale (methamphetamine), a Class 2 felony, (2) possession of narcotic drugs for sale (heroin), a Class 2 felony, (3) possession of narcotic drugs for sale (cocaine), a Class 2 felony, (4) possession of marijuana for sale (more than four pounds), a Class 2 felony, (5) misconduct involving weapons as a prohibited possessor, a Class 4 felony, (6) misconduct involving weapons during the commission of a drug offense, a Class 4 felony, and (7) possession of drug paraphernalia, a Class 6 felony.

¶3　　　　Carter was incarcerated in North Kern State Prison in California, until May 1, 2018, when the State began his transfer to Mohave County, pursuant to his IAD request. On June 21, 2018, Carter made an initial appearance in the Mohave County Superior Court. After an

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588–89 (1997) (citation omitted).

unsuccessful settlement conference, but before trial, Carter moved to dismiss the case with prejudice alleging a violation of the IAD. The motion was denied, and trial began on May 7, 2019.

¶4        After the jury was empaneled, the court learned that a clerk had opened a sealed envelope while marking exhibits for trial. The envelope contained four bags of drugs seized by police and examined by the crime lab. Carter moved for a mistrial, or in the alternative, to exclude the contents of the envelope as evidence. After full briefing and an evidentiary hearing, the court denied Carter's motion.

¶5        The jury heard testimony from four witnesses: two detectives, the clerk who opened the sealed envelope, and the crime lab technician who analyzed the drugs. After the State rested, Carter moved for a directed verdict of acquittal pursuant to Arizona Rule of Criminal Procedure 20. The court granted the motion as to count 4, and dismissed the possession of marijuana for sale charge. The jury convicted Carter of the remaining six counts. Following the aggravation hearing, the jury found that Carter committed all six offenses while on felony release, that he committed counts 1–3 for pecuniary gain, and that the aggregate amount of drugs exceeded the statutory threshold.

¶6        For all six counts, Carter was sentenced to a total of 35.5 years' imprisonment. We have jurisdiction over Carter's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes §§ 12-2101(A)(1), 13-4031, and -4033.

## DISCUSSION

¶7        Carter faced four criminal cases in Mohave County, and he argues the IAD was violated in three of them, including this case. He asks us to join the three cases on appeal and to dismiss them with prejudice pursuant to the IAD. We decline to join the cases as we have already decided both, 1 CA-CR 19-0368 and 1 CA-CR 19-0331, and issued mandates. *See State v. Carter*, 1 CA-CR 19-0368, 2020 WL 949034 (Ariz. App. Feb. 27, 2020) (mem. decision); *State v. Carter*, 1 CA-CR 19-0331, 2020 WL 3095869 (Ariz. App. June 11, 2020) (mem. decision).

¶8        The IAD provides a uniform means of transferring an incarcerated prisoner to a jurisdiction where the prisoner has outstanding charges pending. *See* A.R.S. § 31-481, Art. I. "The purpose of IAD is '[t]o implement the right to a speedy trial and to minimize the interference with a prisoner's treatment and rehabilitation.'" *State v. Almly*, 216 Ariz. 41, 42, ¶ 5 (App. 2007) (quoting *United States v. Sorrell*, 562 F.2d 227, 229 (3rd Cir.

1977) (alteration in original)).  The IAD provides that once the prosecuting jurisdiction receives notice of the prisoner's location of imprisonment and request for final disposition, the prisoner "shall be brought to trial within one hundred eighty days."  A.R.S. § 31-481, Art. III(a).  If the deadline is not met,  the court must dismiss the case with prejudice.  *See id.* Art. V(c); *Almly*, 216 Ariz. at 42, ¶ 3.  However, the IAD allows the court to grant any necessary or reasonable continuances if good cause is shown.  A.R.S. § 31-481, Art. III(a); *see State v. Schaaf*, 169 Ariz. 323, 329 (1991) (finding no violation of the IAD's time limits when continuances were granted for good cause).

**¶9**          While imprisoned in North Kern State Prison, Carter made a demand for trial under the IAD.  The State  received Carter's demand on May 1, 2018, thereby commencing the 180-day period.  *See Almly*, 216 Ariz. at 42, ¶ 3.  At the July 9, 2018 pre-trial conference Carter's counsel requested a one-month continuance.   At the August 6, 2018 pre-trial conference, Carter requested a settlement conference, which the court scheduled for September 14, 2018.   Due to a scheduling conflict, the court reset the settlement conference to October 23, 2018.  At the October 29, 2018 status conference following the unsuccessful settlement conference, Carter requested the first available dates for trial.  At that time, both the State and defense counsel agreed to try Carter's cases in chronological order.  Finding good cause, the court set the first case for trial on February 5, 2019, and the instant case for trial beginning March 20, 2019.  On January 22, 2019, due to a conflict with another trial, the court continued the trials over Carter's objection.  On February 22, 2019, the court reset Carter's trial in the instant case to April 3, 2019.  After the court continued the date again, trial began on May 7, 2019.

**¶10**          Although the record shows that approximately 374 days passed after the State received Carter's IAD demand, at least 228 days are excluded from the statutory calculation based on the court finding those continuances were reasonable and necessary and constituted good cause.  *See Schaaf*, 169 Ariz. at 329.  On this record we find no violation of the IAD's 180-day trial requirement.

**¶11**          We have reviewed and considered counsel's brief and have searched the remainder of the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (providing guidelines for briefs when counsel has determined no arguable issues to appeal).  Searching the record and briefs reveals no reversible error.   The record shows Carter was represented by counsel at all stages of the proceedings and counsel was present at all critical stages.   From the record, all proceedings were

conducted in compliance with the Arizona Rules of Criminal Procedure. The sentence imposed was within the statutory limit.

**CONCLUSION**

**¶12** Because the record reveals no reversible error, Carter's convictions and resulting sentences are affirmed.

**¶13** Upon filing of this decision, defense counsel is directed to inform Carter of the status of his appeal and of his future options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Carter shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA